UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ARMAND SWAIN,                      )
                                   )
          Plaintiff                )
                                   )
v.                                 )     No. 2:10-cv-325-DBH
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
          Defendant                )

# REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge erred by failing to conclude that his obesity was a severe impairment, by failing to conclude that his right knee problems met Listing 1.02, and by discounting the credibility of his testimony. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered residual right knee problems status post posterior cruciate ligament tear with medial compartment osteoarthritis and obesity, impairments that were severe but which, considered alone or in

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 10-12; that he retained the residual functional capacity ("RFC") to perform the full range of unskilled sedentary work, Finding 5, *id*. at 12; that he was unable to perform any of his past relevant work, Finding 6, *id.* at 16; that, given his age (35 years old on the alleged onset date), General Equivalency Diploma, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*.; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged onset date, February 10, 2007, through the date of the decision, April 23, 2010, Finding 11, *id*. at 17. The Decision Review Board selected the decision for review but failed to act within the required 90 days, *id*. at 1, making it the commissioner's final determination, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690

F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Steps 2 and 3 of the sequential evaluation process. At Step 3, a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals a listing. 20 C.F.R. §§ 404.1520(d), 416.920(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a).

Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## Discussion

### A. Step 2

The plaintiff contends that "[t]he ALJ failed to identify obesity as a severe medical impairment at Step 2." Statement of Errors ("Itemized Statement") (Docket No. 12) at 2. But,

3

the administrative law judge's opinion states, in bold print, "The claimant has the following severe impairments: . . . obesity[.]" Record at 10. The plaintiff takes nothing by this argument.

### B. Listing 1.02

The administrative law judge found that "[t]he claimant does not have an impairment or combination of impairments which meets or equals Section 1.02 because the evidence fails to demonstrate major dysfunction of a joint resulting in the inability to ambulate effectively." Record at 12. The plaintiff contends that this was reversible error. Itemized Statement at 4-7. However, his contention that "all of the elements required to meet Listing 1.02(A) have been demonstrated by objective medical evidence[,]" *id*. at 7, is incorrect.

The Listing at issue provides as follows:

> 1.02 *Major dysfunction of a joint(s) (due to any cause):* Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b[.]

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02.

The definition to which the Listing refers provides as follows, in relevant part:

> *b. What We Mean by Inability To Ambulate Effectively*
> (1) *Definition*. Inability to ambulate effectively means an extreme limitation of the ability to walk: *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. . . .

> (2) *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. . . . Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes[.]

*Id*. § 1.00(B)(2)(b).

Assuming, as the plaintiff apparently does, without benefit of expert medical testimony, that the operation on his right leg performed in November 2009 resulted in "gross anatomical deformities with his instability," Itemized Statement at 5, presumably with the right knee as the major peripheral weight-bearing joint, the evidence recited by the plaintiff fails to meet one essential element of the Listing. Ineffective ambulation requires the use of a hand-held assistive device that "limits the functioning of both upper extremities." As the plaintiff reports, *id*. at 6, as of January 2010, he was using a cane. Even if, "since he had the high tibial osteotomy, there has not been a time when [the plaintiff] has not needed an assistive device to walk[,]" *id*., a cane by definition does not require the use of both upper extremities. *Tolbert v. Astrue*, Cause No. 1:09-CV-01348-TWP-TAB, 2011 WL 883927, at *8 (S.D Ind. Mar. 11, 2011); *Jackson v. Commissioner of Soc. Sec*., No. 07-14184, 2009 WL 612343, at *10 (E.D. Mich. Mar. 6, 2009). Thus, he does not meet the Listing.

In a conclusory single sentence, the plaintiff asserts that, if he does not meet the Listing, "his right knee limitations, by themselves, or when combined with his obesity, demonstrate[] that [he] equals this Listing." *Id*. at 7. In the absence of any explanation of *how* the Listing is equaled, the court will not consider this argument. *See, e.g., Gunn v. Astrue*, Civil Action No. 10-81-GWU, 2011 WL 1399189, at *4 (E.D.Ky. Apr. 13, 2011) (requiring claimant to present specific arguments as to how Listing 1.02(A) would be equaled based on an additional finding of obesity).

The plaintiff is not entitled to remand on this basis.

### C. Credibility

Finally, the plaintiff asserts that the administrative law judge's "determination that the Plaintiff's testimony was not credible is unsupported by the Plaintiff's work history and the medical evidence." Itemized Statement at 7. With respect to the plaintiff's credibility, the administrative law judge actually found that "the claimant's statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Record at 12. The administrative law judge's discussion of the plaintiff's symptoms and credibility is extensive. *Id.* at 12-16.

An administrative law judge's credibility determinations are "entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987). Here, the plaintiff challenges three of the specific statements included in the administrative law judge's assessment of his credibility.

The plaintiff's first challenge in this regard is to the administrative law judge's statement that the plaintiff "testified . . . that his roommate pays all the bills. Therefore he has no incentive to get a job within his residual functional capacity." Record at 15. In response, the plaintiff relates his work history and asserts that it "demonstrates that the Plaintiff has a strong work ethic." Itemized Statement at 8. Thus, he concludes, "there is no evidence to support the ALJ's conclusion that the Plaintiff had no incentive to work because his roommate pays all of his bills." *Id.*

First, the payment of the plaintiff's bills is not the only reason given by the administrative law judge for her conclusion that the plaintiff lacked incentive to get a job. She observed that he

"has a steady work history," but that he "has only six years of earning more than $10,000 since 1986." Furthermore, he testified that he has MaineCare and food stamps[.]" Record at 15. These specific reasons, thus provided, make clear that the administrative law judge is not basing her conclusion on a "bad" work history, which would be forbidden under Social Security law. *See Arsenault v. Astrue*, Civil No. 08-269-P-H, 2009 WL 982225, at *7 (D. Me. Apr. 12, 2009). The plaintiff does not attack any of the other reasons given by the administrative law judge for her conclusion. *See Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *2-*3 (D. Me. Dec. 28, 2010).

Next, the plaintiff challenges the administrative law judge's statement "that the evidence fails to demonstrate that [the plaintiff's] use of some form of assistive device is medically necessary or prescribed." Itemized Statement at 8. He says that this "finding is not accurate." *Id*. In this regard, the administrative law judge said,:

> Although the claimant stated that since his injury he has not been able to walk without some form of assistive device (Testimony), as noted above, the evidence of record fails to demonstrate that this is medically necessary or prescribed. This assertion is also contradicted by the claimant's own report to treating sources on July 28, 2008, that he was able to go up and down ladders without issues and was able to jog for one and a half miles at a time (Exhibit 14F), and on October 20, 2008, that he currently works at home, painting as well as cleaning (Exhibit 15F). While he was on crutches for a few months following his injury in February, 2007, and immediately following surgical procedures (Exhibit 10F), medical records from 2008 through 2010 generally do not mention a need for assistive devices (Exhibits 5F[] and 15F). Furthermore, less than two months after his last surgery, treating sources stated on December 22, 2009, that the claimant could progress to full weight-bearing as tolerated (Exhibit 18F).

Record at 14.

The plaintiff offers, as evidence that an assistive device was in fact prescribed, Itemized Statement at 8, an entry in the medical records by Dr. Raymond White, a surgeon, describing the

7

plaintiff's first postoperative visit on November 17, 2009, which states "He is using his crutches as directed for nonweightbearing." Record at 411. But, as the plaintiff also notes, Itemized Statement at 8-9, on December 22, 2009, Dr. White recorded that the plaintiff "can now progress to weightbearing as tolerated." Record at 410. This is hardly a prescription, or even a statement that an assistive device is medically necessary.

The plaintiff points, Itemized Statement at 9, to Dr. White's note dated January 21, 2010, that the plaintiff "is still using a cane." Record at 421. Again, this is not a prescription for the continued use of a cane nor is it a statement that the plaintiff's use of the cane is medically necessary. Contrary to the plaintiff's assertion, Itemized Statement at 9, it is *not* "plain from these medical records that the Plaintiff is directed by Dr. White to use his cane as needed, and further, that the MRI reveals a possible reason for the Plaintiff's persistent knee pain." The second assertion is not relevant to the challenged portions of the administrative law judge's credibility determination, and the first assertion is simply not corroborated by the cited pages of the record.

The plaintiff's third challenge is to the administrative law judge's statement that the plaintiff did not "tell Dr. White on November 17, 2009, his significant discomfort requires rather frequent oxycodone which he has been supplementing with Tylenol and ibuprofen." *Id*. at 9-10. I am unable to find the portion of the administrative law judge's opinion to which this argument refers, and the plaintiff does not cite to it. The portion of Dr. White's records to which the plaintiff refers, presumably his November 17, 2009, note, does record the plaintiff's statement at his first postoperative visit that he "noted the first few days he had significant discomfort, which required rather frequent oxycodone. He has been supplementing with Tylenol and ibuprofen as well. Over the last day or two, it has gotten much better where he is using less[.]" Record at

411. This note indicates that the plaintiff's pain was getting "much better," which is consistent with the administrative law judge's statement that "[t]reating sources reported on November 17, 2009, less than two weeks after surgery[,] that he seemed to be doing well (Exhibit 18F), and that he continued to do well overall and was feeling much better as of December 22, 2009 (Exhibit 18F)." *Id*. at 14.

Even if the plaintiff's challenges to these three findings by the administrative law judge were credited and the findings excluded, the opinion includes sufficient discussion to satisfy the requirement that a credibility assessment be supported by substantial evidence. *See, e.g., Hatch v. Astrue,* No. 2:10-cv-9-DBH, 2010 WL 5452124, at *6 (D. Me. Dec. 28, 2010).

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge